Christopher B. Turcotte, Esq.
THE LAW OFFICE OF CHRISTOPHER B. TURCOTTE, P.C.
575 Madison Avenue, Suite 1006
New York, New York  10022
(212) 937-8499
*Attorneys for Plaintiff On Deck Capital, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ON DECK CAPITAL, INC., | Case No. |
| Plaintiffs, | |
| v. | |
| VENTURE 475 LLC d/b/a SYNERGY CAPITAL and GLEN DELUCA, | **COMPLAINT** |
| Defendants. | |

Plaintiff On Deck Capital, Inc. ("Plaintiff" or "OnDeck") by and through its undersigned counsel, brings this Complaint against Defendants Venture 475 LLC d/b/a Synergy Capital ("Synergy") and Glen DeLuca ("DeLuca") (collectively "Defendants"), alleging as follows:

<u>JURISDICTION AND VENUE</u>

1.      This action arises under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and applicable state and common law.

2.      This Court has original jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§1331, 1338(a) & (b).   The Court has supplemental jurisdiction over Counterclaim-Plaintiff's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdictional over Defendants in that they reside in and/or do business in this district and because the transactions giving rise to this lawsuit occurred in this district.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).

<u>PARTIES</u>

5.     Plaintiff is a publicly traded, Delaware corporation with a principal office located at 1400 Broadway, 25th Floor, New York, New York 10018.

6.     Upon information and belief, Synergy is a New York limited liability company with a main office located at 160 Pearl Street, 6th Floor, New York, New York  10005.

7.     Upon information and belief, DeLuca is an officer or employee of Synergy and a resident of New York City.

<u>GENERAL ALLEGATIONS</u>

8.     Plaintiff offers an online platform for small business lending.  Its platform aggregates and analyzes data points from disparate data sources to assess the creditworthiness of small businesses. Small businesses apply for a term loan or line of credit on the company's website, and using its *OnDeck Score*®, OnDeck makes a funding decision.

9.     OnDeck originates its small business loans through (i) direct marketing, including direct mail, social media and other online marketing channels, (ii) funding advisors advising small businesses on available funding options, and (iii) referrals from strategic partners, including banks, payment processors and small business-focused service providers.

**OnDeck-Synergy's Funding Advisor Agreement**

10.     In or about May 2015, Synergy became a funding advisor to OnDeck pursuant to the Managed Applicant Commission Agreement (the "Agreement") signed by its president, Denise DeLuca.

11.     Pursuant to Section 1.3 of the Agreement between Plaintiff and Synergy, the parties agreed

> . . . [Synergy] and its Manager Agents shall not misrepresent or mischaracterize the Loan Program or its availability in any written or oral communications, nor shall [Synergy] alter or in any way modify any marketing materials provided by OnDeck without OnDeck's prior written approval.  [Synergy] hereby grants to OnDeck a limited non-exclusive license to use [Synergy's] name and logo in connection with any Loan Agreement or the Loan Program.  ***The logos, trademarks and any other intellectual property of OnDeck*** and any of OnDeck's third party relationships (including, without limitation, Bofl Federal Bank) are the property of OnDeck and such third parties, as applicable, and ***shall not be used by [Synergy] or its Manager Agents except as authorized in writing by the appropriate intellectual property owner.*** (emphasis added)

12.     Section 3.1 ("Non-Solicitation Protection") of the Agreement provides, in pertinent part, that "[w]ithout OnDeck's prior written consent, [Synergy] shall not . . . solicit or contract with a Merchant for alternative business funding programs that . . . in any way could reasonably be expected to compromise the repayment of any OnDeck loan product, including assisting a Merchant in obtaining additional loan products, in each case, only for as long as the Merchant has any outstanding balance or other obligations owing to OnDeck under the Loan Program. . . ."

13.     Pursuant to Section 3.2 ("Confidential Information Protection") of the Agreement, "[t]he Parties acknowledge that, in their performance of their duties hereunder, either party (or its designees) may communicate to the other party (or its designees) certain confidential and proprietary information, including, without limitation, information concerning Merchants, the

Loan Program or any technology, techniques, or business plans related to OnDeck's operation and development of the Loan Program (collectively, the "Confidential Information") all of which are confidential and proprietary to, and trade secrets of, the disclosing party. . . ."

14.     Section 4.1 of the Agreement further provides that Synergy "shall comply in all respects with OnDeck's Loan Program Standards, the Training Materials, Applicable Law and any reasonable instructions provided by OnDeck relating to the Loan Program, in each case, as may be in place and amended or otherwise modified or updated from time to time."  The term "training materials" includes, without limitation, OnDeck's Code of Conduct for Applicant Managers like Synergy.  *See* Agreement, at §7.9(k).

15.     Pursuant to OnDeck's "Code of Conduct," Synergy must comply, in pertinent part, with the following obligations:

**PROTECTION OF ONDECK INTELLECTUAL PROPERTY**

Obtaining, distributing or using the intellectual property of OnDeck or its third party business "partners", including, but not limited to, trademarked and copyrighted materials or software, without prior written authorization from OnDeck is prohibited.  You must obtain prior written approval from OnDeck to use our, or any of our business partner's, name, brand, or marketing or promotional materials, in any of your activities.  You will not alter any such name, brand or materials without OnDeck's prior written approval.

**HONESTY AND FAIR DEALING**

You must always deal honestly and fairly with OnDeck's employees, Merchants, competitors, and the general public . . . .  You will not engage in unfair, deceptive or abusive practices.  In addition to those requirements and prohibitions contained in your Agreement and applicable law, the following are some specific dos and don'ts:

**You must ensure that:**

*    *    *

- Any representation about or description of a product or service is complete, accurate and truthfully describes the terms, conditions, limitations, availability, costs, value and benefits of the product or

service.    Materials    shall    contain    no    misrepresentation    either    by statement or omission . . . .

**You must not:**

\*    \*    \*

- Engage in "bait-and-switch" or other unfair tactics (e.g., promoting a product when in fact the version sold to the Merchant is different)
- Take advantage of a Merchant's lack of understanding or sophistication

\*    \*    \*

- Disclose or misuse proprietary, confidential or private information of OnDeck or its customers

\*    \*    \*

- Represent Yourself as being part of OnDeck or an OnDeck employee or otherwise lead anyone to believe You are part of OnDeck or an OnDeck employee
- Use the OnDeck name or logo or otherwise associate OnDeck with any non-OnDeck products, including, but not limited to, "add-on" products such as credit insurance

\*    \*    \*

- Subcontract or otherwise permit any person or entity other than you and your employees to sell OnDeck products without OnDeck's prior written consent
- Knowingly solicit or sell any kind of loan or funding to an OnDeck Merchant having an existing OnDeck loan

16.    In the event of a breach of the foregoing provisions, Section 3.5 of the Agreement states that the aggrieved party, among its remedies, shall be entitled to injunctive relief and specific performance:

3.5    _Injunctive Relief and Specific Performance as Available Remedies_.    Each Party agrees that, without prejudice to the rights and remedies available to each Party, in the event of any breach of the provisions of this Agreement, each Party shall be entitled, without the requirement of a posting of a bond or other security, to equitable relief, including an injunction or specific performance, and the costs thereof in all respect shall be borne by the party responsible for such breach.

"**ONDECK LOANS**" **Solicitation of OnDeck's Customer**

17.     On March 21, 2018, OnDeck account manager Taylor Buske received an email from Carl Morcate of VenDynamics, Inc., a customer of OnDeck.  In his email to Ms. Buske, Mr. Morcate attached an email solicitation from "ONDECK LOANS" received by Morcate and inquired whether OnDeck had "chang[ed its] logo."  A true and correct copy of the ONDECK LOANS email solicitation is annexed hereto as Ex. 1.  The solicitation states that ONDECK LOANS "provide[s] working capital for the small business owner that needs inventory, has business debt that is preventing their growth, and we payoff tax liens," and invited recipients to "please email our loan department directly at contact@ondeckloan.net or call 201-455-6112." *Id.*

18.     The entity referring to itself as ONDECK LOANS was unknown to OnDeck and is not authorized to use OnDeck's registered trademarks.  ONDECK LOAN's website does not provide a physical address for the company and calls to its listed telephone number (201-455-6112) go directly to voicemail.  There is no filing for this company with the New York Department of State's Division of Corporations or the New Jersey Division of Revenue and Enterprise Services, which maintain records of all corporate formations.

19.     As a result, OnDeck investigated the owner of the URL domain "ondeckloan.net" and discovered that Domains By Proxy, LLC ("DBP") was the domain registrant for the anonymous owner.  *See* true and correct copies of results for "ondeckloan.net" domain search at www.whois.com annexed hereto as Ex. 2, revealing the domain was purchased from registrar GoDaddy.com LLC on February 28, 2018, and the identified registrant is DBP.  DBP is a "private registration" service which shields the identity and personal information of domain owners from public disclosure.

6

20.     On March 28, 2018, Plaintiff transmitted a cease-and-desist letter to DBP, explaining that Plaintiff is the owner of seven (7) registered USPTO trademarks utilizing the term "ONDECK" (the "OnDeck Marks") and demanding that DBP and its affiliates disable the infringing URL address and provide it with records identifying the DBP customer utilizing the ondeckloan.net address.

21.     Plaintiff owns the following U.S. federal trademark registrations for the OnDeck Marks:

| Word Mark | Reg. No. | Reg. Date | First Use Date | Goods/Services |
|---|---|---|---|---|
| ONDECK | 5423030 | 03/13/2018 | 08/31/2016 | Small business financing, loan financing, financial loan consultation, financial consultation services |
| ONDECK> | 4547258 | 06/10/2014 | 08/01/2013 | Small business financing, loan financing, financial loan consultation, financial consultation services |
| ONDECK | 4547253 | 06/10/2014 | 08/01/2013 | Small business financing, loan financing, financial loan consultation, financial consultation services |
| ONDECK LINE OF CREDIT | 4961256 | 05/17/2016 | 11/30/2014 | Small business financing, loan financing, financial loan consultation, financial consultation services |
| ONDECK ADVANTAGE | 4700850 | 03/10/2015 | 03/31/2013 | Small business financing, loan financing, financial loan consultation, financial consultation services |
| ONDECK MARKETPLACE | 4685807 | 02/10/2015 | 05/31/2014 | Small business financing, loan financing, financial loan consultation, financial consultation services |
| ONDECK SCORE | 4654152 | 12/09/2014 | 05/19/2011 | Small business financing, loan financing, financial loan consultation, financial consultation services |

*See* true and correct printouts of the foregoing, registered trademarks downloaded from the U.S. Patent & Trademark Office's website, http:/tmsearch.uspto.gov, annexed hereto at Ex. 3.

**Synergy and DeLuca Identified as Infringers**

22.     When DBP ignored this notice, Plaintiff commenced a special proceeding in the Supreme Court of the State of New York, County of New York, against DBP and moved for an order to obtain discovery from DBP in aid of bringing a cause of action for, *inter alia*, violation of trademark infringement under the Lanham Act, and state common law and statutory unfair competition laws regulating the use of trademarks in commerce.

23.     On July 23, 2018, the state court granted Plaintiff's application for pre-action discovery, finding Plaintiff (i) "has shown the prima facie elements of trademark infringement and unfair competition under New York statutory and common law"; (ii) "has shown that [DBP's customer's] unauthorized use of its trademark for solicitations and marketing purposes is creating confusion in the marketplace, as one of [OnDeck's] customers, in response to a solicitation, inquired of [OnDeck] if [OnDeck] had changed its logo"; and (iii) "has met its burden of establishing a meritorious cause of action against respondents."  *See* true and correct Decision & Order annexed hereto as Ex. 4.

24.     In response to this court action, DBP identified to Plaintiff that Synergy Capital is the Registrant Organization and Glen DeLuca is the Registrant Name for the ondeckloan.net domain.

FIRST CAUSE OF ACTION
(Federal Trademark Infringent, 15 U.S.C. §1114(1))

25.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 24 as if fully set forth herein.

26.     Defendants' operation of the infringing ondeckloan.net website causes and will continue to cause confusion, mistake or deception as to the source or sponsorship of Defendants' services.

27.     As a result of Defendant's unauthorized use of Plaintiffs' federally registered ONDECK marks, the public has and will likely continue to believe that Defendants' services are affiliated with and/or approved by Plaintiff, and such use falsely represents Defendants as being legitimately authorized by Plaintiff and places beyond Plaintiff's control its own reputation and ability to control the use of its ONDECK mark or the quality of the goods and services bearing that mark.

28.     Defendants' infringement of Plaintiff's registered marks is willful, intended to reap the benefit of the goodwill of Plaintiff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29.     Defendants' aforesaid conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive and threaten harm to the public unless permanently enjoined by this Court.  Plaintiff has no adequate remedy at law.

SECOND CAUSE OF ACTION
(False Designation of Origin, 15 U.S.C. § 1125(a))

30.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as if fully set forth herein.

31.     Defendants' use of ONDECK® for services that are identical, related and/or substantially similar to those offered by Plaintiff under the OnDeck Marks constitutes a false designation of origin and a false representation as to the origin of Defendants' websites. Defendants' use of ONDECK® has caused and is likely to continue to cause confusion, mistake,

9

or deception as to the source of Defendants' services and is likely to create the false impression that the services are authorized, sponsored, endorsed or licensed by Plaintiff.  Defendants' actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

32.     Defendants' conduct is willful, intended to reap the benefit of the goodwill of Plaintiff, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

33.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

THIRD CAUSE OF ACTION
(Federal Dilution, 15 U.S.C. § 1125(c))

34.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35.     Defendants' use of Plaintiff's ONDECK® trademark in connection with services is likely to cause dilution by blurring and/or tarnishment by diminishing the ability of the ONDECK® mark to identify goods and services in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

36.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

FOURTH CAUSE OF ACTION
(Violation of Cybersquatting, 15 U.S.C. § 1125(d))

37.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above as if fully set forth herein.

10

38.     Plaintiff's ONDECK® mark was distinctive at the time of the registration of the infringing domain name.

39.     Without authorization from Plaintiff, Defendants have registered, trafficked in, and/or used the infringing domain name, which is confusingly similar to Plaintiff's federally registered ONDECK® mark.

40.     Upon information and belief, Defendants had full knowledge of Plaintiff's prior rights in the ONDECK® mark when they secured registrations for the infringing domain name.

41.     Defendants have registered, trafficked in, and/or used the infringing domain name with the bad faith intent to profit from the ONDECK® mark.  Upon information and belief, the infringing domain name has been used by Defendants with the bad faith intent to reap the benefit of the goodwill in the ONDECK® mark, to divert consumers to the infringing website for their own commercial gain and to otherwise profit from unauthorized use of the ONDECK® mark.

42.     The aforesaid acts and conduct constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

43.     The unauthorized registration and use of the infringing domain name is causing immediate and irreparable injury to Plaintiff and to the goodwill and reputation of the ONDECK® mark, and will continue to damage Plaintiff and the ONDECK® mark unless the Court enjoins such use and transfers registration of the infringing domain name to Plaintiff.

FIFTH CAUSE OF ACTION
(Unfair Competition under New York Common Law)

44.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendants' use of ONDECK® is likely to confuse the public as to the origin, source or sponsorship of Defendants' services, or to cause mistake or to deceive the public into believing that Defendants' services are authorized, sponsored, endorsed, or licensed by Plaintiff, in violation of Plaintiff's right in the ONDECK® mark under the common law of the State of New York.

46.      Upon information and belief, Defendants chose ONDECK® with full knowledge of Plaintiff's prior use of and rights in the ONDECK® mark.  By adopting and using a colorable imitation of ONDECK, Defendants have been unjustly enriched and Plaintiff has been damaged.

47.     By misappropriating and trading upon the goodwill and business reputation represented by the ONDECK mark, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiff's expense.

48.     Defendants' use of a trademark identical to the ONDECK® mark in connection with the infringing website constitutes unfair competition under New York common law.

49.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

SIXTH CAUSE OF ACTION
(New York Deceptive and Unfair Trade Practices Act (N.Y.Gen.Bus.Law §§349 & 350))

50.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 above as if fully set forth herein.

51.     By reason of the acts set forth above, Defendants have been and are engaged in false advertising and deceptive acts or practices in the conduct of a business, trade or commerce in violation of Sections 349 and 350 of the New York General Business Law.

52.     Defendants' use of ONDECK® in connection with the infringing website has the capacity to deceive and is deceiving the public as to the source or sponsorship of Defendants' services.  As a result, the public will be damaged.

53.     Defendants' conduct is willful and in knowing disregard of Plaintiff's rights.

54.     Defendants' conduct constitutes false advertising and a deceptive trade practice under Sections 349 and 350 of the General Business Law of the State of New York.

55.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

SEVENTH CAUSE OF ACTION
(Trademark Dilution under New York Law, N.Y.Gen.Bus. Law § 360-*l*)

56.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 above as if fully set forth herein.

57.     Plaintiff's ONDECK® mark is distinctive and it acquired distinctiveness prior to Defendants' first use of ONDECK® in connection with the infringing website.

58.     Defendants' unauthorized use of ONDECK, which is a colorable imitation of Plaintiff's distinctive ONDECK® mark, is diluting and is likely to continue diluting such mark by blurring the distinctiveness of and/or tarnishing the mark, and is likely to injure and has injured Plaintiff's business reputation and damage Plaintiff, in that the reputation of Plaintiff has been removed from its power and control in violation of Section 360-*l* of the General Business Law of the State of New York.

59.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless enjoined by this Court. Plaintiff has no adequate remedy at law.

EIGHTH CAUSE OF ACTION
(Breach of Contract)

60.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 59 above as if fully set forth herein.

61.     Pursuant to the Agreement between Synergy and OnDeck, Synergy agreed that it would not use the logos, trademarks or other intellectual property of OnDeck without OnDeck's express, written authority.

62.     Pursuant to the Agreement between Synergy and OnDeck, Synergy agreed that it would not solicit or contract with an OnDeck customer for alternative business funding programs so long as the customer had obligations to OnDeck.

63.     Pursuant to the Agreement between Synergy and OnDeck, Synergy recognized that information OnDeck shared with it concerning its merchant-customers was considered confidential and proprietary.

64.     Pursuant to the Agreement between Synergy and OnDeck, Synergy agreed that it would not engage in unfair, deceptive or abusive practices, including but not limited to representing itself as being (or leading one to believe it was) part of OnDeck or acting as an OnDeck employee.

65.     In breach of these obligations, Synergy and DeLuca surreptitiously registered a URL domain infringing upon Plaintiff's intellectual property and, trading on Plaintiff's goodwill and reputation through their use of the name "ONDECK LOANS", solicited business from Plaintiff's customers and the general public.

66. As a result of Defendants' breach of contract, OnDeck has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the unlawful acts of Defendants set forth in each of the counts above, plaintiff OnDeck prays that the Court enter a judgment against Defendants:

(a) Preliminarily and permanently enjoining Defendants, their agents, servants, employees, officers and all persons in active concern and participation with them:

  i. From using the OnDeck Marks or any marks similar thereto in connection with the manufacture, distribution, advertising for sale, promotion or sale of any unauthorized goods or services, and in the meta tags of any websites dedicated to the same (including <ondeckloan.net>);

  ii. From using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by or authorized by the Plaintiff OnDeck or the ONDECK® brand;

  iii. From infringing Plaintiff OnDeck's exclusively registered trademarks; or

  iv. From falsely representing themselves as being authorized or sponsored by Plaintiff OnDeck or the OnDeck® brand.

(b) Directing the Defendants transfer the infringing domain name to OnDeck or its authorized representative.

(c) Ordering the destruction of all unauthorized goods, bearing any copy or colorable imitation of the OnDeck Marks.

(d) Pursuant to 15 U.S.C. §1116(a), ordering Defendant to file with the Court and serve upon OnDeck's counsel, within thirty (30) days after service of the order of

injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(e) Finding that, by the acts complained of above, Defendants have infringed OnDeck's federally registered trademarks in violation of 15 U.S.C. §1114.

(f) Finding that, by the acts complained of above, Defendants have created a false designation of origin and false representation of association and has infringed the OnDeck Marks in violation of 15 U.S.C. §1125(a).

(g) Finding that, by the acts complained of above, Defendants have created a false designation of origin and false representation of association in violation of 15 U.S.C. §1125(d).

(h) Finding that, by the acts complained of above, Defendants have committed breach of contract.

(i) Finding that the acts complained of above constitute willful infringement of the OnDeck Marks.

(j) Ordering Defendants to provide OnDeck with a full accounting of all loan applications submitted to ONDECK LOANS and all loans approved by ONDECK LOANS, including all profits derived therefrom.

(k) Ordering Defendants to pay OnDeck:

    i. All gains, profits, property and advantages derived by Defendants from their unlawful conduct and infringement of the OnDeck Marks;

    ii. Such damages as OnDeck has sustained or will sustain by reason of Defendants' acts of cybersquatting, trademark infringement, dilution and unfair competition and that such sums be trebled pursuant to 15 U.S.C. §1117, including but not

limited to, at OnDeck's election prior to final judgment, an award of statutory

damages for Defendants' violation of section 43(d) of the Lanham Act, 15 U.S.C.

§1125(d);

iii. Exemplary and punitive damages to deter any further willful infringement as the

Court finds appropriate; and

iv. OnDeck's costs and reasonable attorney's fees incurred in this matter pursuant to

15 U.S.C. §1117(a).

(l)  Awarding OnDeck's pre-judgment and post-judgment interest against Defendants.

(m) Awarding OnDeck such other and further relief as the Court may deem just and

proper.

## JURY DEMAND

OnDeck hereby demands a trial by jury of all issues so triable that are raised herein or

which hereinafter may be raised in this action.

Dated:  New York, New York
         September 10, 2018

THE LAW OFFICE OF
CHRISTOPHER B. TURCOTTE, P.C.

By: _____
              */s/*Christopher B. Turcotte
             Christopher B. Turcotte
             575 Madison Avenue, Suite 1006
             New York, NY 10022
             Telephone:   (212) 937-8499
             cturcotte@cbtlaw.com
             *Attorneys for Plaintiff On Deck Capital, Inc.*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Carl Morcate <carl@vendynamics.com> |
| **Sent:** | Wednesday, March 21, 2018 2:58 PM |
| **To:** | Taylor Buske |
| **Subject:** | Fwd: We fund business debt, tax liens, bad credit, and payoff existing loans. Same day funding. |

Did you guys change your logo?


Begin forwarded message:

**From:** "Org Name" <contact@ondeckloan.net>
**Subject: We fund business debt, tax liens, bad credit, and payoff existing loans. Same day funding.**
**Date:** March 21, 2018 at 11:46:22 AM PDT
**To:** carl@vendynamics.com


From: Org Name                                    To ensure that you continue receiving our emai
To: carl@vendynamics.com                           please add us to your address book or safe-sender li

This Message Contains Attachment(s): ONDECK_LOANS.pdf

We provide business loans for the small business owner and provide solutions for existing debt, other loans, and tax liens.





**We provide working capital for the small business owner that needs inventory, has business debt that is preventing their growth, and we payoff tax liens.**

Business Owner,

**ONDECK LOANS** is a bridge between the need for working capital and the business owners that run small to medium sized businesses. We keep companies growing, balance sheets clean, and allow businesses to minimize the cost of capital without leveraging assets, giving up ownership, or narrowing their profit margins. We do not broker files out because the additional transactions cost that most clients have faced with other lenders only puts more stress on business cash flow.

## APPLY ONLINE

Our concept is simple, we provide capital at a fixed cost for a short term financial cleanup, to purchase additional inventory, buy other businesses, construction cost, payoff tax liens, and all the other expenses we as business owners face in running our operation. To get an approval, every applicant must submit an application and 6 months of business bank statements (operating and non-operating accounts). For amounts greater than $250,000.00 our team may require financial statements, such as, an income statement, profit and loss, balance sheet, AR report, & recent business tax return. If the applicant is in a tax payment plan, we will require a copy of the agreement and payment plan.

For more information about our business loans, our repayment options, max dollar amount loaned, how to payoff existing balances with other lenders, or how to qualify for our asset based lending program please email our loan department directly at contact@ondeckloan.net or call 201-455-6112.

## UPLOAD DOCUMENTS

## ACH LOANS

Payback Options: 1-60 Months
Low payback rates
Daily or weekly payback terms
Automatic withdrawals

## MCA

Advance on Credit Card Transactions
Payback Options: 1-60 Months
Low payback rates with extended repayment terms

Fixed payback
No personal collateral required
Funds secured in less than 48hrs
Time in Business: As little as 6 months
Loan Amounts $10,000.00 to $10,000,000.00

# Debt & Tax Payoff

- Do you have business debt that is slowing your growth?
- Do you have a tax lien?
- Do you need to cleanup the balance sheet?

We offer loans that will cleanup the balance sheet, payoff all existing debt, and even payoff tax liens without leveraging any real property or ownership in your company.

For more information about this loan type, contact our lending team at contact@ondeckloan.net or call 201-455-6112.

**APPLY ONLINE**

**UPLOAD DOCUMENTS**

Automatic withdrawals/Fixed payback
No personal collateral required
Funds secured in less than 24 hours
Time in Business: As little as 6 months
Loan Amounts $10,000.00 to $1,00,000.00

# Consolidation

- Do you have one or more business loans?
- Are you looking for another loan, but want one payment?
- Are you looking to extend the terms of your current loan?

Our consolidation program will payoff all existing balances or some to reduce your monthly payment obligation, stretch out the payment period, and allow you to borrow more money to grow your business or payoff upcoming debt.

For more information about this loan type, contact our lending team at contact@ondeckloan.net or call 201-455-6112.

**DOWNLOAD**



Anthony Hughes
Vice President of Business Loans
**ONDECK LOANS**

# EXHIBIT 2

 **GoDaddy™**                       

**Promos**

## Search the WHOIS Database

Enter a domain name to search

**Private Registration**      **Local listings**

## WHOIS search results

Domain Name: ONDECKLOAN.NET
Registry Domain ID: 2232516297_DOMAIN_NET-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2018-02-26T14:54:58Z
Creation Date: 2018-02-26T14:54:57Z
Registrar Registration Expiration Date: 2019-02-26T14:54:57Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.4806242505
Domain Status: clientTransferProhibited http://www.icann.org/epp#clientTransferProhibited
Domain Status: clientUpdateProhibited http://www.icann.org/epp#clientUpdateProhibited
Domain Status: clientRenewProhibited http://www.icann.org/epp#clientRenewProhibited
Domain Status: clientDeleteProhibited http://www.icann.org/epp#clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Registration Private
Registrant Organization: Domains By Proxy, LLC
Registrant Street: DomainsByProxy.com
Registrant Street: 14455 N. Hayden Road
Registrant City: Scottsdale
Registrant State/Province: Arizona
Registrant Postal Code: 85260
Registrant Country: US
Registrant Phone: +1.4806242599
Registrant Phone Ext:
Registrant Fax: +1.4806242598

Registrant Fax Ext:
Registrant Email: ondeckloan.net@domainsbyproxy.com
Registry Admin ID:
Admin Name: Registration Private
Admin Organization: Domains By Proxy, LLC
Admin Street: DomainsByProxy.com
Admin Street: 14455 N. Hayden Road
Admin City: Scottsdale
Admin State/Province: Arizona
Admin Postal Code: 85260
Admin Country: US
Admin Phone: +1.4806242599
Admin Phone Ext:
Admin Fax: +1.4806242598
Admin Fax Ext:
Admin Email: ondeckloan.net@domainsbyproxy.com
Registry Tech ID:
Tech Name: Registration Private
Tech Organization: Domains By Proxy, LLC
Tech Street: DomainsByProxy.com
Tech Street: 14455 N. Hayden Road
Tech City: Scottsdale
Tech State/Province: Arizona
Tech Postal Code: 85260
Tech Country: US
Tech Phone: +1.4806242599
Tech Phone Ext:
Tech Fax: +1.4806242598
Tech Fax Ext:
Tech Email: ondeckloan.net@domainsbyproxy.com
Name Server: NS17.DOMAINCONTROL.COM
Name Server: NS18.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
>>> Last update of WHOIS database: 2018-03-22T22:00:00Z <<<

For more information on Whois status codes, please visit https://www.icann.org/resources/pages/epp-status-codes-2014-06-16-en

The data contained in GoDaddy.com, LLC's WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of GoDaddy.com, LLC. By submitting an inquiry,

3/22/2018                                            WHOIS search results

you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" section. In most cases, GoDaddy.com, LLC
is not the registrant of domain names listed in this database.


See Underlying Registry Data
Report Invalid Whois

## Want to buy this domain?

Get it with our Domain Buy Service.

## Is this your domain?

Add hosting, email and more.

3/22/2018

WHOIS search results

# EXHIBIT 3



Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Apr 25 03:47:44 EDT 2018*

Logout Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          Record 1 out of 17

# ondeck

| | |
|---|---|
| **Word Mark** | **ONDECK** |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Small business financing, loan financing, financial loan consultation, financial consultation services. FIRST USE: 20160831. FIRST USE IN COMMERCE: 20160831 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 87569385 |
| **Filing Date** | August 15, 2017 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 26, 2017 |
| **Registration Number** | 5423030 |
| **Registration Date** | March 13, 2018 |
| **Owner** | (REGISTRANT) On Deck Capital, Inc. CORPORATION DELAWARE 1400 Broadway, 25th Floor New York NEW YORK 10018 |
| **Attorney of Record** | William L. Bartow |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the word "ondeck". |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |



United States Patent and Trademark Office

Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Apr 25 03:47:44 EDT 2018*

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:          OR  Jump  to record:          Record 12 out of 17

# OnDeck›

| | |
|---|---|
| **Word Mark** | **ONDECK** |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Small business financing, loan financing, financial loan consultation, financial consultation services. FIRST USE: 20130801. FIRST USE IN COMMERCE: 20130801 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.17.12 - Angles (geometric); Chevrons |
| **Serial Number** | 86087281 |
| **Filing Date** | October 9, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 25, 2014 |
| **Registration Number** | 4547258 |
| **Registration Date** | June 10, 2014 |
| **Owner** | (REGISTRANT) On Deck Capital, Inc. CORPORATION DELAWARE 1400 Broadway, 25th Floor New York NEW YORK 10018 |
| **Attorney of Record** | William L. Bartow |
| **Prior Registrations** | 3491676 |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the word "ONDECK" with an additional chevron shape placed next to and opposing the "k" of the word "OnDeck". |
| **Type of Mark** | SERVICE MARK |

**Register**        PRINCIPAL

**Live/Dead**
**Indicator**       LIVE

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



4/25/2018                          Trademark Electronic Search System (TESS)

United States Patent and Trademark Office

Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Apr 25 03:47:44 EDT 2018*

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:        OR  Jump  to record:        Record 13 out of 17

# ONDECK

| | |
|---|---|
| **Word Mark** | **ONDECK** |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Small business financing, loan financing, financial loan consultation, financial consultation services. FIRST USE: 20130801. FIRST USE IN COMMERCE: 20130801 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86087205 |
| **Filing Date** | October 9, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 25, 2014 |
| **Registration Number** | 4547253 |
| **Registration Date** | June 10, 2014 |
| **Owner** | (REGISTRANT) On Deck Capital, Inc. CORPORATION DELAWARE 1400 Broadway, 25th Floor New York NEW YORK 10018 |
| **Attorney of Record** | William L. Bartow |
| **Prior Registrations** | 3491676 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |

**Live/Dead
Indicator**          LIVE





Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Apr 25 03:47:44 EDT 2018*

Logout   Please logout when you are done to release system resources allocated for you.

Start    List At:      OR   Jump   to record:     Record 4 out of 17

# ONDECK LINE OF CREDIT

| | |
|---|---|
| **Word Mark** | **ONDECK** LINE OF CREDIT |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Small business financing, loan financing, financial loan consultation, financial consultation services. FIRST USE: 20141130. FIRST USE IN COMMERCE: 20141130 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86528888 |
| **Filing Date** | February 9, 2015 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 21, 2015 |
| **Registration Number** | 4961256 |
| **Registration Date** | May 17, 2016 |
| **Owner** | (REGISTRANT) On Deck Capital, Inc. CORPORATION DELAWARE 1400 Broadway, 25th Floor New York NEW YORK 10018 |
| **Attorney of Record** | William L. Bartow |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LINE OF CREDIT" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |

**Live/Dead
Indicator** LIVE

| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Apr 25 03:47:44 EDT 2018*

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:        OR  Jump  to record:        Record 9 out of 17

# ONDECK ADVANTAGE

| | |
|---|---|
| **Word Mark** | **ONDECK** ADVANTAGE |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Small business financing, loan financing, financial loan consultation, financial consultation services. FIRST USE: 20130331. FIRST USE IN COMMERCE: 20130331 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86111516 |
| **Filing Date** | November 6, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 25, 2014 |
| **Registration Number** | 4700850 |
| **Registration Date** | March 10, 2015 |
| **Owner** | (REGISTRANT) On Deck Capital, Inc. CORPORATION DELAWARE 1400 Broadway, 25th Floor New York NEW YORK 10018 |
| **Attorney of Record** | William L. Bartow |
| **Prior Registrations** | 3491676 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |

4/25/2018                Trademark Electronic Search System (TESS)

**Live/Dead**      LIVE
**Indicator**



Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Apr 25 03:47:44 EDT 2018*

Logout Please logout when you are done to release system resources allocated for you.

Start   List At:     OR   Jump   to record:     Record 10 out of 17

# ONDECK MARKETPLACE

| | |
|---|---|
| **Word Mark** | **ONDECK** MARKETPLACE |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Small business financing, loan financing, financial loan consultation, financial consultation services. FIRST USE: 20140531. FIRST USE IN COMMERCE: 20140531 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86146799 |
| **Filing Date** | December 18, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 1, 2014 |
| **Registration Number** | 4685807 |
| **Registration Date** | February 10, 2015 |
| **Owner** | (REGISTRANT) On Deck Capital, Inc. CORPORATION DELAWARE 1400 Broadway, 25th Floor New York NEW YORK 10018 |
| **Attorney of Record** | William L. Bartow |
| **Prior Registrations** | 3491676 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MARKETPLACE" APART FROM THE MARK AS SHOWN |

| | |
|---|---|
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |



| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



United States Patent and Trademark Office

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Apr 25 03:47:44 EDT 2018*

Logout Please logout when you are done to release system resources allocated for you.

Start List At: OR Jump to record: Record 11 out of 17

# ONDECK SCORE

| | |
|---|---|
| **Word Mark** | **ONDECK** SCORE |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Small business financing, loan financing, financial loan consultation, financial consultation services. FIRST USE: 20110519. FIRST USE IN COMMERCE: 20110519 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86111465 |
| **Filing Date** | November 6, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | March 25, 2014 |
| **Registration Number** | 4654152 |
| **Registration Date** | December 9, 2014 |
| **Owner** | (REGISTRANT) On Deck Capital, Inc. CORPORATION DELAWARE 1400 Broadway, 25th Floor New York NEW YORK 10018 |
| **Attorney of Record** | William L. Bartow |
| **Prior Registrations** | 3491676 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SCORE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |

**Register**       PRINCIPAL

**Live/Dead**      LIVE
**Indicator**

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT 4

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| PRESENT: | HON. W. FRANC PERRY | PART | IAS MOTION 23EFM |
|---|---|---|---|
| | *Justice* | | |

----------------------------------------------------------------------X

| | | |
|---|---|---|
| PETITIONER ON DECK CAPITAL, INC.,A DELAWARE CORPORATION, TO COMPEL DISCLOSURE FROM RESPONDENT DOMAINS BY PROXY, LLC TO AID IN BRINGING ACTION AGAINST UNIDENTIFIED PROSPECTIVE DEFENDANTS JONH DOE/ JANE DOE | INDEX NO. | 153945/2018 |
| | MOTION DATE | |
| | MOTION SEQ. NO. | 002 |

Plaintiff,

- v -

XXXX,

Defendant.

**INDEX NO.** 153945/2018

**MOTION DATE**

**MOTION SEQ. NO.** 002

**DECISION AND ORDER**

----------------------------------------------------------------------X

Upon the foregoing documents, the motion is granted.

Petitioner moves for an order pursuant to CPLR 3102(c) to obtain disclosure from respondent in aid of bringing a cause of action for violation of trademark infringement and false advertising under the Federal Lanham Act, State common law and statutory unfair competition laws regulating the use of trademarks in commerce, and trade disparagement under applicable common law and similar laws for the protection of trademarks and other intellectual property under state laws. It should be noted that this motion is unopposed.

Petitioner, "OnDeck", is an online platform for small business lending. Its platform aggregates and analyzes data points from disparate data sources to assess the creditworthiness of small businesses. Small businesses apply for a term loan or line of credit on the company's website and using its "OnDeckScore®" OnDeck then makes a funding decision.

Earlier this year, petitioner's account manager received an email from a client asking whether petitioner had changed its logo, as it had received a solicitation from an entity identifying itself as "ONDECK LOANS". The client stated that ONDECK LOANS had

153945/2018 ON DECK CAPITAL, INC. vs. DOMAINS BY PROXY, LLC                    Page 1 of 4

1 of 4

solicitated business from it. The solicitation basically states that ONDECK LOANS provides the
same service as petitioner OnDeck.

ONDECK LOANS is not affiliated with petitioner and is not authorized to use
petitioner's trademarks. ONDECK LOANS' website does not provide a physical address for the
company and there is no filing for this company with the New York Department of State's
Division of Corporations or the New Jersey Division of Revenue and Enterprise Services.

After performing its own investigation to ascertain the owner of the company, petitioner
found that respondent is the domain registrant for an anonymous owner and that the identified
registrant is respondent. Petitioner discovered that respondent is actually an entity known as
Domains by Proxy, LLC, a "private registration" service which shields the identity and personal
information of domain owners from public disclosure.

Upon this discovery, petitioner's counsel sent a cease-and-desist letter to respondent,
explaining that petitioner is the owner of seven (7) registered U.S. Patent &Trademark Office
trademarks using the term "ONDECK and demanding that all relevant information pertaining to
the use of petitioner's trademark be disclosed. Respondent acknowledged receipt of the letter and
when no further response had been received by petitioner, it sent a follow up email. As of the
date of the motion, respondent has failed to respond to the cease-and-desist letter or to take any
steps to stop the use of "ONDECK" in its materials.

Pursuant to CPLR 3102 (c), a party is permitted to obtain disclosure prior to commencing
an action, but only by court order. The assessment of whether pre-litigation disclosure is
appropriate within a specific context lies within the broad discretion of the Court. *Matter of
Thomas v. New York City Transit Police Dept.,* 91 AD2d 898 (1st Dept, 1983). Pre-action
discovery is permitted to assist a potential litigant in framing a complaint or identifying a

153945/2018  ON DECK CAPITAL, INC. vs. DOMAINS BY PROXY, LLC          Page 2 of 4

2 of 4

prospective defendant. *Manufactures and Traders Trust Co. v. Bonner,* 84 AD2d 678 (4th Dept. 1981). Entitlement to disclosure to aid in the framing of a complaint must be predicated, however, on a showing that the party seeking discovery has a meritorious cause of action. *Byramain v. Stevenson,* 278 AD2d 619 (3rd Dept. 2000). Such discovery may not be utilized as a device to ascertain whether fact supporting a cause of action exist. *Hozman v. Manhattan and Bronx Surface Transit Operating Authority,* 271 AD2d 346 (1st Dept. 2000), or for the purpose of exploring the feasibility of framing a complaint.

In the case at bar, movant has demonstrated its entitlement to pre-action disclosure. Petitioner has shown the prima facie elements of trademark infringement and unfair competition under New York statutory and common law. "A party asserting claim for unfair competition predicated upon trademark infringement or dilution in violation of General Business Law § 360-k and § 360-l must show that the respondent's use of the trademark is likely to cause confusion or mistake about the source of the allegedly infringing product." *Beverage Marketing UDA, Inc., v. South Beach Beverage Co., Inc.,* 20 AD3d 439 (2nd Dept. 2005).

Further, under Section 32 (1) of the Federal Lanham Act, 15 USC § 1114 (1), to prevail on a claim for trademark infringement, a petitioner must establish that "(1) it has a valid mark that is entitled to protection under the Lanham Act: and that (2) the respondent used the mark, (3) in commerce, (4) in connection with the sale...or advertising of goods and service, (5) without the petitioner's consent." *1-800Contacts, Inc., v. WhenU.Com,* 414 F.3d 400 (2d Cir., 2005). In addition, the petitioner must establish that the respondent's use of its own mark will likely cause confusion with petitioner's mark. *Aceto Agic. Chems. Corp., v. Bayer Aktiengesellschaft,* 531 F.Appx. 103 (2d Cir. 2013).

153945/2018  ON DECK CAPITAL, INC. vs. DOMAINS BY PROXY, LLC                    Page 3 of 4

3 of 4

In this case, petitioner has shown that respondent's unauthorized use of its trademark for solicitations and marketing purposes is creating confusion in the marketplace, as one of petitioner's customers, in response to a solicitation, inquired of petitioner if petitioner had changed it logo.

Petitioner has met its burden of establishing a meritorious cause of action against the respondents. Therefore, it is

**ORDERED** that petitioner is permitted to obtain pre-action discovery, requiring respondent to produce books, papers, records and any additional material in its possession, custody or control of "Domains By Proxy, LLC" relating to the identity of all persons owning or using the URL address "ondeckloan.net", it is further

**ORDERED** if necessary, permitting petitioner to take the deposition upon oral questions of respondent relating to the identity of all persons owning or using the URL address "ondeckloan.net".

This is the decision and order of the Court.

7|23|18
DATE

W. FRANC PERRY, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

153945/2018   ON DECK CAPITAL, INC. vs. DOMAINS BY PROXY, LLC                    Page 4 of 4

4 of 4